Timothy A. Smith, Esq. Town Attorney, Vienna
You have asked whether a person may simultaneously hold the positions of town clerk and deputy supervisor. Also, you inquire whether a person may serve as town clerk and bookkeeper for the town supervisor. You have informed us that the bookkeeping services to be performed are ministerial in nature and do not involve the handling of money or preparing of checks. Primarily, the duties are to complete and file the various reports and forms, for example, the supervisor's annual report, social security reports, federal and State withholding reports, State retirement reports, applications for State aid and W-2s.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
There are two subsidiary aspects of compatibility. One is that, although the common law rule of the Ryan case is limited to public offices, the principle equally covers an office and a position of employment or two positions of employment. The other is that, although the positions are compatible, a situation may arise where one has a conflict of interest created by the simultaneous holding of the two positions. In such a situation the conflict is avoided by declining to participate in the disposition of the matter. If such situations are inevitable as opposed to being possibilities, there is an inherent inconsistency in the positions.
First, we will consider the positions of deputy supervisor and town clerk. The deputy supervisor is appointed by the supervisor and serves at his pleasure (Town Law, § 42). During the absence of the supervisor, the deputy supervisor is vested with all the powers and duties of the supervisor, except he has no vote on matters coming before the town board and does not serve as a member of the county board of supervisors (ibid.).
You have informed us that your town does not have a comptroller. In towns without a comptroller, the town clerk exercises certain functions under article 8 of the Town Law, dealing with finances. No claim against a town, except for certain wages, may be paid unless an itemized voucher is presented to the town board and is audited and allowed (id., § 118). The town clerk presents claims to the town board for audit (id., § 119[1]). Once a claim has been audited, the town clerk prepares an abstract specifying the number of the claim, the name of the claimant, the amount allowed and the fund and appropriation account to be charged (ibid.). This abstract serves to authorize and direct the supervisor to pay to the claimant the amount allowed on the claim (ibid.). The supervisor may not pay out any funds except upon the warrant, order or draft of the town clerk after audit and allowance by the town board (id., § 125[1]).
The supervisor annually is required to prepare and file with the town clerk a financial report accounting for all monies received and disbursed by him along with additional information (id., § 29[10]).
We note that a town without a comptroller may by resolution require that the town clerk countersign all checks signed by the supervisor [id.,
§ 30[9]). You have informed us, however, that the town clerk does not perform this function in your town.
It is apparent from these provisions that the duties of the town clerk constitute a fiscal check or balance upon those of the supervisor. Under the scheme established by State law, the auditing function clearly is separate from the payment function. As was previously mentioned, the deputy supervisor performs the supervisor's duties in the absence of the supervisor (id., § 42). Thus, it is our view that the functions and duties of the offices of deputy supervisor and town clerk are incompatible and one person should not hold these two positions. This preserves the fiscal checks and balances established by law. We note that the Town Law provides that "[a]ny person, including a town officer, official or employee, may be appointed deputy supervisor, provided that the person appointed shall possess the same qualifications as an elected town officer" (ibid.). In our view, however, for the reasons stated above, this provision should not be used to authorize the town clerk to also serve as deputy supervisor.
We now turn to the second question, whether the town clerk may serve as bookkeeper for the town supervisor. The town supervisor is authorized to appoint a bookkeeper, and/or confidential secretary (id., § 29[15]). In a previous opinion of this office, we concluded that the position of confidential secretary or bookkeeper to the supervisor is incompatible with the position of deputy town clerk (1976 Op Atty Gen [Inf] 184). This result preserves the fiscal checks and balances provided by the Town Law (ibid.). You distinguish your question by noting that the bookkeeper would not handle money or prepare checks. In our view, however, under these facts the positions remain incompatible. The bookkeeper is subservient to and serves at the pleasure of the town supervisor. In our view, if this individual also serves as town clerk, the fiscal checks and balances built into the finance article of the Town Law would be eroded. At least, an appearance of impropriety reasonably could result.
We conclude that the offices of town clerk and deputy supervisor are incompatible. This is also true of the positions of supervisor's bookkeeper and town clerk.